## SUN OIL CO. v. ATLANTIC REFINING CO.
### No. 12242.

District Court, E. D. Pennsylvania.
Aug. 7, 1930.

McIlhenny & Lamberton, of Philadelphia, Pa., for plaintiff.

H. M. Long, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

This is an action at law heard by the court upon waiver of trial to a jury. The question presented is a very narrow one. There are no facts in dispute, so that we can state and rule on the question upon a very general fact statement. If the parties desire a more particular fact statement, they have leave to present requests for formal fact findings and conclusions of law. The question, as we view it, is one of contract. The defendant has an oil refinery in Philadelphia. It has supplies of oil at Atreco and at Port Arthur, Tex., and at other places accessible to carrying vessels. The defendant wished a cargo of oil transported by vessel to Philadelphia. The plaintiff had vessels suitable for the purpose, and was in the market for a cargo. To reach Atreco it was necessary to go from the Gulf of Mexico through the Sabine Pass to Port Arthur and thence by a canal and the River Natchez to Atreco. The shallowness of the latter water passages make it further necessary to take on a part load at Atreco, and then returning to top off the cargo at Port Arthur and to sail thence for Philadelphia. The parties made a contract of affreightment or of vessel charter which gave to the defendant the right and its duty to designate by no-

tice the port or ports of loading. The defendant accordingly notified the carrier that it was to take on at Atreco such part of the cargo as the draft of the vessel when loaded and the depth of the water in the canal would permit and finish its loading at Port Arthur. The defendant undertook to have the cargo ready at the designated ports and to load the vessel. At the time which we are considering as the time of the charter, the channel was obstructed to the knowledge of the parties by a sunken vessel, so that the plaintiff's vessel could not reach Atreco. This obstruction, as was expected, however, would be removed in time to permit the plaintiff to comply with its agreement. This expectation was not met, with the consequence that, when the plaintiff's vessel reached Port Arthur, she could not get beyond. The plaintiff accordingly tendered the vessel to the defendant at Port Arthur as in readiness to receive the Atreco cargo and asked for the cargo. The defendant declined to accept the tender, demanding that the vessel be tendered at Atreco, where the cargo was in readiness for her. The plaintiff then waited until the channel was cleared of the obstruction and then proceeded to Atreco, receiving there the contracted part of her cargo, and then returning to Port Arthur, completing there the loading in accordance with the contract as made.

The plaintiff has brought this suit for the damages caused by the delay in reaching Atreco, in the nature of demurrage. There was no other delay than that indicated. The theory of the plaintiff is, as we understand it, that the vessel was under no other obligation than to go to the port of Atreco, or as near thereto, as the dangers of navigation permitted, and that Port Arthur was as near as the vessel could get. Hence a tender at Port Arthur met the conditions of the contract.

The difficulty in accepting this argument is that it may be retorted upon the plaintiff and applied in relief of the defendant. The defendant had assumed no obligation beyond that of having a cargo ready at the port of Atreco for the vessel when she reported and to load her with the customary dispatch. This obligation the defendant met. How then can it be answerable for the breach of a contract when there was no breach? The contract contemplated at loading in the first instance at Atreco. If the vessel there reported and there was delay in loading, the defendant would be answerable, but, if the vessel was not there, she could not be loaded, and in consequence there was no breach of contract by the defendant.

We have treated the case as if the contract had been made when the obstruction was known to exist, because such in effect was the case. Literally, however, the contract was made when there was no obstruction. The plaintiff learned of this, and because of this suggested that the vessel at first chartered would be followed later by another and expected the obstruction to be out of the channel before the second vessel would reach Atreco. The second vessel was accordingly substituted for the first. The plaintiff agreed to have its first vessel at the port of Atreco before the obstruction existed. It agreed to take its second vessel there after it knew of the obstruction. In either case it was bound to have its vessel there to be loaded. The only obligation of the defendant was to load the vessel when it reported ready for its cargo. United States v. Atlantic (D. C.) 33 F.(2d) 366, affirmed by the Circuit Court of Appeals [42 F.(2d) 123] is in principle in point.

Judgment may be entered in favor of the defendant and against the plaintiff, with costs.